STATE OF WEST VIRGINIA *v.* LEE CONNOLLY

(No. 7576)

Submitted September 12, 1933. Decided September 19, 1933.

*L. Steele Trotter* and *John T. Copenhaver,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

KENNA, JUDGE:

Lee Connolly was indicted in the intermediate court of Kanawha County for deserting and neglecting to provide for the support of the illegitimate child of one Bertha Swiney. He was found guilty and judgment was entered upon the verdict on the 13th day of January, 1933, and it is from that judgment that this writ of error is prosecuted.

The assignments of error are (1) that the trial court erred in refusing to require the production of the illegitimate child upon the demand of the defendant; (2) that the trial court erred in refusing to permit certain testimony tending to establish carnal relations of the prosecuting witness with other men than the defendant at times not within the period of gestation of the child in question; (3) in failing to direct a verdict for the defendant; (4) in refusing to admit, after the ground had been laid for contradicting, evidence tending to show that the prosecuting witness had stated that she had not spoken to the defendant during the time that the child in question had been conceived; (5) that the trial court erred in refusing testimony tending to show that the prosecuting witness had threatened to swear the illegitimate child in question to a man other than the defendant; (6) in refusing to set aside the verdict; (7) in rendering judgment thereon.

On the first assignment of error, the demand for the production of the illegitimate child (paternity of which was the only issue at the trial), the record shows the bare demand of the defendant, made on the day of trial, that the child be produced at the trial. There is also a statement of defendant's counsel that he had made previous demands upon the prosecuting attorney to this effect. The trial judge simply stated that his information was that the child was sick and could not be produced, and that the case would be ordered to trial if the defendant was otherwise ready. The trial then proceeded without any particular showing on the part of the defendant as to how he would be prejudiced. There is no showing from the record that in fact he was prejudiced. He made no objection and took no exception to the conduct of the court in ordering the case to proceed. Under these circumstances, we cannot say that the trial court erred on this assignment.

On the second assignment, there is no error in the action of the trial court in refusing to try a collateral issue as to another illegitimate child of the prosecuting witness. This fact does not enter into the policy of the law and has nothing to do with the issue that was here being tried. The court was correct in striking out this testimony.

The third assignment of error will not be seriously discussed because there is ample testimony in the record to justify the submission to the jury.

(4) Under this assignment, we are of opinion that the trial court erred to the prejudice of the defendant. The prosecuting witness had been asked on cross-examination whether she had stated that she had not spoken to the accused during the period of time that she testified the illegitimate child had been conceived. She had denied having made the statement. Thus the ground was laid for impeachment by contradiction. When the witnesses in whose presence the statement was supposed to have been made by the prosecuting witness were produced, the court refused to permit their testimony in contradiction. It appears by proper avowal that had they been permitted to answer the questions propounded, their testimony would have been that the statements were in fact made by the prosecuting witness at the time and place that she had denied making them. The court stated that the reason for excluding the testimony was that the matter was collateral and that consequently the defendant was bound by the reply of the prosecuting witness. This, of course, is the accepted rule had the matter been in fact collateral. In our opinion, however, it was not collateral. Had the jury believed that the prosecuting witness in fact had not spoken to the accused during the period of time that the illegitimate child was conceived, certainly that fact would have been at least a circumstance tending to show that the accused was not its father. It is true that the defendant's testimony was to the effect that he had spoken to the prosecuting witness on several different occasions when he had purely business transactions with her, but his entire defense proceeded upon the theory that during the period of time that the child was conceived, he and the prosecuting witness had been on very bad terms.

It was not, therefore, inconsistent with the theory of the defendant to show that the prosecuting witness herself had made statements indicating that they were in fact on bad terms during that period. The jury might well have believed that the prosecuting witness had not spoken to the defendant except upon the occasions shown by the defendant's own proof, upon which occasions, according to the proof, the conception of the child could not have taken place. A further theory upon which we believe that the testimony should have been admitted by the trial court, even without the necessity of laying foundation, is that the statements attributed to the prosecuting witness were in fact statements against her position at the trial and against her pecuniary interest. It is not necessary for us to decide that this is the case, because the testimony was not tendered upon this theory. However, the contention of the defendant that the questions should have been permitted is further buttressed by this consideration.

Having concluded that error prejudicial to defendant is disclosed by the record, the judgment is reversed, the verdict set aside, the defendant awarded a new trial and the case remanded.

*Reversed and remanded.*